UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor,<br><br>                  Plaintiff,<br><br>     v.<br><br>MESSAK, INC. d/b/a PETE'S A PLACE, MEDHAT MESSAK, and SAMEH MESSAK,<br><br>                  Defendants. | Civil Action No. 19-cv-12443<br><br>Injunctive Relief Sought |

COMPLAINT
---

Plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor (the "Secretary"), brings this action because a restaurant, Defendant Messak Inc. d/b/a Pete's A Place, and two of its owners, Defendants Medhat Messak and Sameh Messak, have willfully failed to pay their employees proper overtime compensation and failed to keep accurate employment-related records. Defendants Pete's A Place and Medhat Messak also unlawfully retaliated against their employees. The Secretary seeks to have the Court enjoin Defendants from violating the provisions of Sections 7, 11, 15(a)(2), 15(a)(3), and 15(a)(5) of the Fair Labor Standards Act of 1938 (the "Act"), 29 U.S.C. §§ 207, 211, 215(a)(2), 215(a)(3), and 215(a)(5), and to recover unpaid wages and liquidated damages pursuant to the provisions of Sections 15(a)(2) and 16(c) of the Act, 29 U.S.C. §§ 215(a)(2) and 216(c).

I.

Jurisdiction of this action is conferred upon this Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. § 1331.

II.

Defendant Pete's A Place is, and at all times hereinafter mentioned was, a company having a place of business located at 19 Central Street, Peabody, Massachusetts, 01960, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, engaged at that place of business in the operation of a restaurant. Pete's A Place employs the employees who have not received proper compensation and who were retaliated against under the Act.

III.

Defendant Medhat Messak is an owner and officer of Pete's A Place. He transacts substantial business on a continuous and systematic basis in this judicial district, within the jurisdiction of this Court. The claims against Defendant Medhat Messak in this case arise out of and are directly related to his business activities in Massachusetts. Defendant Medhat Messak has certain control over the daily operations of Pete's A Place, including the power to hire and fire employees, and set their work schedules and rates of pay. Medhat Messak is and has been an employer of Pete's A Place's employees within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

IV.

Defendant Sameh Messak is also an owner of Pete's A Place. He transacts substantial business on a continuous and systematic basis in this judicial district, within the jurisdiction of this Court. The claims against Defendant Sameh Messak in this case arise out of and are directly

related to his business activities in Massachusetts. Defendant Sameh Messak has certain control over the daily operations of Pete's A Place, including the authority to hire and fire employees, and set their work schedules and rates of pay. Sameh Messak is and has been an employer of Pete's A Place's employees within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

V.

At all times hereinafter mentioned, Defendants were an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r), as they engaged in related activities performed through unified operation or common control for a common business purpose.

VI.

At all times hereinafter mentioned, Defendants employed employees in the activities of said enterprise, which is engaged in commerce or in the production of goods for commerce, including having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Said enterprise, for the years 2016, 2017, and 2018, had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated). Therefore, said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the Act, 29 U.S.C. § 203(s).

VII.

Defendants have violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees for workweeks longer than forty hours without compensating them at rates not less than one and one-half times the regular rates at which they were employed for hours worked in excess of forty hours in such workweeks. Therefore,

Defendants are liable for overtime compensation owed to employees listed in the attached Exhibit A and an equal amount of liquidated damages under Section 16(c) of the Act, 29 U.S.C. § 216(c). More specifically, Defendants compensated employees for hours worked over 40 hours in a workweek at their straight time rates of pay, and failed to pay tipped employees the proper overtime rate.

VIII.

Defendants' violations of the overtime provisions of Act, as set forth above, were willful. Defendants were aware that the Act required an overtime premium to be paid to non-exempt employees because Defendants paid an overtime premium to certain employees. Defendants did not, however, pay the required overtime premium to other employees, which renders their overtime-related violations of the Act willful in this case.

IX.

Defendants failed to keep true and accurate records of the hours that each of their non-exempt employees worked, the wages they were paid, their full names and addresses, and the dates of birth of employees under the age of 19, in violation of Section 11 of the Act, 29 U.S.C. § 211, and the regulations thereunder, specifically 29 C.F.R. Part 516.

X.

Defendants Pete's A Place and Medhat Messak violated Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), by unlawfully retaliating against certain employees, including by seeking to influence the testimony that employees of Pete's A Place would give to representatives of the Secretary during his investigation of Defendants.

XI.

Defendants violated the aforesaid provisions of the Act, including doing so willfully, as alleged herein. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

(1) For an order pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from prospectively violating the Act; and

(2) For an order pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), holding Defendants liable for unpaid back wages found due to Defendants' employees listed in the attached Exhibit A plus liquidated damages equal in amount to the unpaid compensation found due; alternatively, in the event liquidated damages are not awarded, Plaintiff prays for an order pursuant to Section 17 of the Act, 29 U.S.C. § 217, enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from withholding payment of unpaid back wages found due to Defendants' employees, and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621; and

(3) For an order awarding Plaintiff the costs of this action and attorneys' fees; and

(4) For an order granting such other and further relief as may be necessary and appropriate.

Kate S. O'Scannlain
Solicitor of Labor

Maia S. Fisher
Regional Solicitor

/s/ Mark A. Pedulla
Mark A. Pedulla
Counsel for Wage & Hour
pedulla.mark.a@dol.gov
MA BBO No. 685925

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:
JFK Federal Building—Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500
FAX: (617) 565-2142

DATE: December 3, 2019