UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EUGENE SCALIA, Secretary of Labor,
United States Department of Labor,

        Plaintiff,

v.

MESSAK, INC. d/b/a PETE'S A PLACE,
MEDHAT MESSAK, and SAMEH MESSAK,

        Defendants.

Civil Action No.

## CONSENT JUDGMENT AND ORDER

Plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor (the "Secretary"), has filed a Complaint in this case under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. (the "Act"), and Defendants Messak, Inc. d/b/a Pete's A Place, Medhat Messak, and Sameh Messak have received a copy of that Complaint and waived service of process. Defendants also acknowledge the assessment by the Secretary of civil money penalties and have received notice and service of the issuance the civil money penalties, and waive exception to those civil money penalties, and have agreed to pay civil money penalties in the amount of $5,808.00, plus interest, all under Section 16(e) of the Act, 29 U.S.C. § 216(e), and 29 C.F.R. §§ 578.1–578.4 and 580.1–580.18. The Court finds that it has jurisdiction to enter this Consent Judgment and Order (the "Consent Judgment"), and Plaintiff and Defendants agree to its terms.

It is, therefore, ORDERED, ADJUDGED, and DECREED that Defendants, their agents, servants, employees, and all persons acting or claiming to act on their behalf and interest be, and

1

hereby are, permanently enjoined and restrained from violating the provisions of the Act in any of the following manners:

1. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), employ any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employees receive compensation for their employment in excess of forty hours at a rate not less than one and one-half times the employees' regular rates of pay.

2. Defendants shall not fail to make, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the Act, 29 U.S.C. § 211(c), and found in Title 29, Part 516 of the Code of Federal Regulations.

3. Defendants shall not, contrary to Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), discharge or in any other manner discriminate against any employee or former employee because such employee or former employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, has testified or is about to testify in any such proceeding, or has otherwise engaged in protected activity under the Act, including by seeking to influence the testimony of any employee or former employee to representatives of the Secretary, or by otherwise threatening or coercing any employee or former employee.

Further, the Court, finding that the employees are due compensation in the amount of $38,594.22 (inclusive of gross overtime back wages and liquidated damages), as shown on attached Exhibit A1, which is incorporated in and made a part hereof, it is ORDERED, ADJUDGED, and DECREED that Defendants are restrained from withholding payment of said overtime compensation, and are ordered, jointly and severally, to pay said liquidated damages, in accordance with the terms set forth herein, on or before November 26, 2019. Defendants represent that, to the best of their knowledge and following diligent review and inquiry, they have been in compliance with the Act since May 7, 2019. In agreeing to resolve the amount of back wages and liquidated damages in this case, Plaintiff has relied on this representation and, accordingly, the back wage and liquidated damages provisions of this Consent Judgment shall have no effect upon any back wages and liquidated damages which may have accrued since that date.

The back wage and liquidated damages provisions of this Consent Judgment shall be deemed satisfied when Defendants deliver to Plaintiff, on or before November 26, 2019, a payment totaling $19,297.11 in gross back wages, from which deductions for Defendants' employees' share of social security and federal withholding taxes will be made by the United States Department of Labor, with no deduction for the employees' state withholding tax, and a separate payment totaling $19,297.11 in liquidated damages, none of which is subject to deductions. Defendants, jointly and severally, shall further pay the employers' share of FICA to the appropriate authorities for the back wages paid pursuant to this Consent Judgment after presentation of the United States Department of Labor's quarterly summary of employee payments made.

To comply with the payment provisions set forth above related to back wages and liquidated damages, Defendants may pay online by ACH transfer, credit card, debit card, or digital wallet by going to https://pay.gov/public/form/start/77689032 or by going to http://www.pay.gov and searching for WHDBWNE. Defendants also have the option to provide to the Secretary certified checks, bank checks, or money orders made payable to "Wage and Hour Division—Labor," and those checks or money orders shall be mailed to:

> U.S. Department of Labor
> Wage and Hour Division
> Northeast Region
> The Curtis Center, Suite 850 West
> 170 South Independence Mall West
> Philadelphia, PA 19106-3317
> Attention: William Schweizer

Checks or money orders shall have Case No. 1879647 written on the face of the checks or money orders, and a separate check or money order shall be provided for the back wage amount due and liquidated damages amount due. Plaintiff shall distribute the back wages and liquidated damages to the employees listed in the attached Exhibit A1.

It is also ORDERED, ADJUDGED, and DECREED that Defendants shall pay to Plaintiff, jointly and severally, the civil money penalties issued pursuant to Section 16(e) of the Act, 29 U.S.C. § 216(e), and 29 C.F.R. § 578.1–578.4, in the amount of $5,808.00, plus interest in the amount of $58.08. The civil money penalty portion of this Consent Judgment will be deemed satisfied when Defendants deliver to Plaintiff $5,808.00, plus interest in the amount of $58.08. Such payment shall be made no later than November 26, 2019.

To comply with the civil money penalty payment provisions set forth above, Defendants may pay online by ACH transfer, credit card, debit card, or digital wallet by going to https://pay.gov/public/form/start/77734516 or by going to www.pay.gov and searching "WHD

CMP Payment - NE Region." Defendants also have the option to provide to the Secretary a certified check, bank check, or money order, and that check or money order shall be mailed to:

> U.S. Department of Labor
> Wage and Hour Division
> Northeast Region
> The Curtis Center, Suite 850 West
> 170 South Independence Mall West
> Philadelphia, PA 19106-3317
> Attention: William Schweizer

A check or money order shall be made payable to "Wage and Hour Division—Labor" with Case No. 1879647 written on the face of the check or money order.

If Defendants pay any of the amounts in this Consent Judgment by check or money order, a copy of said checks or money orders shall also be mailed to the following address: U.S. Department of Labor, Wage and Hour Division, JFK Federal Building, 15 New Sudbury Street, Room 525, Boston, Massachusetts 02203, Attention: Assistant District Director.

On or before ten days from the parties' execution of this Consent Judgment, Defendants shall deliver to the United States Department of Labor at the Wage and Hour Division's Boston, Massachusetts address set forth above, a statement showing the following: employers' Federal ID number(s), the name of each employee listed in Exhibit A1, and each employee's current address and social security number (to the extent currently known by Defendants).

When recovered wages and/or liquidated damages have not been claimed by an employee within three years, because of inability to locate the employee or because of the employee's refusal to accept such sums, Plaintiff shall deposit the wages and/or liquidated damages into the United States Treasury as miscellaneous receipts pursuant to 29 U.S.C. § 216(c).

Defendants shall not, under any circumstances, solicit repayment of any amount paid to any employee in connection with this Consent Judgment. In the event any such amount is

5

received from any employee, Defendants shall immediately remit such amount to the United States Department of Labor at the Philadelphia, Pennsylvania address set forth above.

It is further ORDERED, ADJUDGED and DECREED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

Nothing in this Consent Judgment precludes the Secretary from using evidence discovered in the investigation that led to the Complaint in this case in any future investigation, enforcement action, or legal action.

SO ORDERED, this 4th day of December, 2019.

_____
United States District Judge
District of Massachusetts

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FOR DEFENDANTS:

_____ attorney
Messak, Inc. d/b/a Pete's A Place
Dated: Nov. 27, 2019

_____
Medhat Messak
Dated: 11/27/19, 2019

_____
Sameh Messak
Dated: 11/27, 2019

FOR PLAINTIFF:

Kate S. O'Scannlain
Solicitor of Labor

Maia S. Fisher
Regional Solicitor

/s/ Mark A. Pedulla
_____
Mark A. Pedulla
Counsel for Wage & Hour
pedulla.mark.a@dol.gov
MA BBO No. 685925

U.S. Department of Labor Attorneys
for Plaintiff
Post Office Address:
JFK Federal Building—Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500
FAX: (617) 565-2142

Dated: December 3, 2019

# EXHIBIT A1

| First Name | Last Name | BWs Due | LDs Due | Total Due |
|---|---|---|---|---|
| NATANY | ALVES-LOPES | $906.95 | $906.95 | $1,813.90 |
| RYAN | BARBEAU | $385.00 | $385.00 | $770.00 |
| STEFANY | DEOLIVEIRA | $26.11 | $26.11 | $52.22 |
| RAILS | GABRIEL | $46.76 | $46.76 | $93.52 |
| AMONIOS | HANNA | $136.59 | $136.59 | $273.18 |
| ALVARO | HERMSDOLF JR. | $16,078.50 | $16,078.50 | $32,157.00 |
| MOHAMMED | KADOUIRI | $60.00 | $60.00 | $120.00 |
| JON | LEWIS | $1,103.37 | $1,103.37 | $2,206.74 |
| MARIA | LNU | $189.12 | $189.12 | $378.24 |
| FIONA | PETERSON | $46.56 | $46.56 | $93.12 |
| VITA | S | $250.56 | $250.56 | $501.12 |
| CHRISTIAN | TEEHAN | $67.59 | $67.59 | $135.18 |
| | Totals | $19,297.11 | $19,297.11 | $38,594.22 |